The Honorable Randy Thurman State Representative P.O. Box 584 Heber Springs, AR 72543
Dear Representative Thurman:
This is in response to your request for an opinion concerning the expenditure of school district "operating funds." Your question is as follows:
 May the Board of Education pay for the following events from the operating fund or activities fund?
1. A teacher retirement dinner.
 2. A teacher recognition program where the board purchases plaques along with refreshments.
 3. A student recognition program for those who have competed at a national or state level.
4. Back to school breakfast.
5. All employee appreciation picnic.
6. Teacher appreciation day.
7. School board member appreciation plaque.
8. Snacks during administrative meetings.
9. Snacks for parent/teacher conferences.
 10. Hospitality rooms for visiting coaches during athletic events.
 11. Flower purchases for death of employees or their immediate family members.
12. Special event cards.
In response to your question, I have attached a copy of Op. Att'y Gen. 91-411. It is noted in that opinion that the Arkansas Constitution provides that "no [school district taxes] shall be appropriated for any other purpose nor to any other district than that for which it is levied." Arkansas Constitution, art. 14, §3. Section 2 of the same article provides that "[n]o money or property belonging to the public school fund, or to this state for the benefit of schools or universities, shall ever be used for any other than the respective purposes to which it belongs." Opinion No. 91-411 also addresses the related "public purpose" doctrine and categorizes expenditures as lawful if they primarily inure to benefit school purposes. Conversely, such expenditures are unlawful if they inure primarily to the benefit of a particular individual or individuals. Therefore, the general test for the expenditure of school funds is whether purchases inure primarily to the benefit of the school as a whole, or to the benefit of any private individual or individuals. In other words, the expenditures should be for school purposes.
As stated in Opinion No. 91-411, these issues should be dealt with on a case-by-case basis. It is concluded in Opinion 91-411
that such purchases as flowers and cards for employees or their families might be subject to challenge under the public purpose doctrine. This conclusion is supported by case law and secondary authority in other jurisdictions. It must therefore be concluded that the answer to your questions 10 and 11 is "no."
I have also enclosed, however, a copy of Op. Att'y Gen. 92-179
which, in responding to similar issues, concludes that any attempt on the part of this office to determine such questions without the benefit of case law or secondary authority on point would be tantamount to the Attorney General substituting his judgment for that of the local school boards. See Safferstonev. Tucker, 235 Ark. 70, 357 S.W.2d 3 (1962). This we will decline to do. Such questions, absent resort to the judiciary, should therefore be left to the discretion of the local school boards, whose duty it is, with the aid of employed counsel, to determine the lawfulness of such expenditures under the test set out above.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh